**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| JEFFREY M. GADKE, | ) | Case No. 1:12 CV 2875 |
| | ) | |
| Plaintiff, | ) | Judge Dan Aaron Polster |
| | ) | |
| vs. | ) | **MEMORANDUM OF OPINION** |
| | ) | **AND ORDER** |
| COMM'R OF SOCIAL SECURITY, | ) | |
| | ) | |
| Defendant. | ) | |

Before the Court is Magistrate's Report and Recommendation ("R&R") (**Doc #: 17**). The Magistrate recommends that the Court affirm the Commissioner's decision denying Plaintiff Jeffrey M. Gadke's application for Disability Insurance Benefits ("DIB") under Title II and Supplemental Security Income ("SSI") under Title XVI of the Social Security Act. Specifically, the Magistrate finds that factors delineated in SSR 96-7p are adequately explained in the decision of the Administrative Law Judge ("ALJ"); the ALJ conducted an adequate credibility analysis; and the ALJ's conclusion is supported by substantial evidence.

Plaintiff timely filed Objections to Magistrate's R&R ("Objections") (**Doc #: 18**). Plaintiff contends that the ALJ erred by:

- mentioning, but failing to evaluate, the opinions of "treating physician," Dr. Atassi, that he was markedly limited in bending;

- failing to address Plaintiff's need for extra-large seating;

- denying disability based on part-time jobs that Plaintiff could perform, even if

> they were not "substantial gainful activity;"

- refusing to consider proffered post-hearing evidence;

- relying on job-incidence data that the vocational expert admitted were inaccurate; and

- using judicially disapproved reasoning to deny credibility.

(Id.)  For the reasons to follow, the Court **OVERRULES** the Objections, **ADOPTS** the Magistrate Judge's conclusions, and **AFFIRMS** the Commissioner's decision denying benefits.

\* \* \*

**A.  Dr. Atassi: Treating Source or Treating Physician**

Gadke contends that the ALJ erred because he acknowledged that Dr. Atassi had treated Gadke on two occasions, but failed to adopt Dr. Atassi's assessment to the Department of Family Services in 2009 that Gadke's ability to bend was markedly limited without giving "good reasons" for this omission.  (Obj. at 1-2 (citing *Wilson v. Comm'r Soc. Sec.*, 378 F.3d 541 (6th Cir. 2004) and subsequent positive cases).  However, the fact that an ALJ casually refers to a doctor as "a treating source" does not necessarily connote that he is "a treating physician" requiring a sufficient explanation for rejecting his opinion.  *See, e.g., Daniels v. Comm'r of Soc. Sec.*, 152 Fed.Appx. 485, 490-91 (6th Cir. 2005) (finding that a treating source who saw a claimant twice for back pain was not a frequency consistent with "treating physician" status under 20 C.F.R. § 404.1502); *Godec v. Astrue*, No. 1:12 cv 1041, 2013 WL 115606, at \*10 (N.D. Ohio Jan. 30, 2013); *Coy v. Astrue*, 2012 WL 5497850, at \*5 (N.D. Ohio Nov. 13, 2012); *Smith v. Astrue*, No. 4:11-CV-0863, 2012 WL 946852, at \*5-6 (N.D. Ohio Mar. 20, 2012).

As the Magistrate Judge accurately stated, the record shows that Dr. Atassi saw Gadke only three times over an eight-year period during which he treated Gadke twice for kidney stones and once for lower back pain. Although the Magistrate Judge failed to cite any cases in support of her finding that the ALJ was not a treating physician, the Court has now supplied the case law and agrees with the Magistrate Judge's conclusion. In short, the ALJ did not have to give a detailed explanation for failing to adopt Dr. Atassi's opinion on Gadke's ability to bend since Dr. Atassi does not qualify as a "treating physician" under the regulations and the record did not otherwise support this particular opinion.

Gadke also argues, citing SSR 96-9p, that a claimant who is otherwise restricted to unskilled sedentary work is "usually" deemed disabled if he cannot stoop at all. But no one in the record, Dr. Atassi included, opined that Gadke cannot bend or stoop at all. Worse yet, Gadke failed to cite the relevant part of the sentence he quoted in the applicable regulation.

> An ability to stoop occasionally, i.e., from very little up to one-third of the time, is required in most unskilled sedentary occupations. A *complete* inability to stoop would significantly erode the unskilled sedentary occupational base and a finding that the individual is disabled would usually apply, <u>but restriction to occasional stooping should, by itself, only minimally erode the unskilled occupational base of sedentary work</u>."

SSR96-9p (italics in original, underlining added). The Court, thus, **OVERRULES** this objection.

**B.   Social Security Ruling 96-8p**

Plaintiff contends that the ALJ's conclusion at step 5 of the sequential evaluation that he is not disabled is not supported by substantial evidence because, when the vocational expert ("VE") concluded that there existed a significant number of jobs in the national economy that

Plaintiff could perform, she failed to identify how many of those jobs are part-time as opposed to full-time.

Step five of the sequential analysis provides that if a claimant has a severe impairment or impairments which do not meet or equal the Listing of Impairments, the ALJ must assess the claimant's residual functional capacity ("RFC") and *then* determine whether there are a significant numbers of jobs in the national economy that someone with the claimant's RFC can perform. *Carr v. Apfel*, No. 3:97 cv 7515, 1999 WL 148992, at *5 (N.D. Ohio Sep. 29, 1999) (citing 20 C.F.R. § 404.1520(f)(1999)). According to SSR 96-8p, RFC is an individual's maximum remaining ability to do sustained work activities in an ordinary work setting on a "regular and continuing" basis. *Id.* (quoting SSR 96-8p at 28). "A 'regular and continuing basis' means 8 hours a day, for 5 days a week, or an equivalent work schedule." *Id.*

Testimony by a VE in response to hypothetical questions posed by the ALJ, which hypotheticals accurately reflect the claimant's physical and mental impairments, may provide substantial evidence for a disability finding. *DeRossett v. Astrue*, No. 7:09-CV-00046-KKC, 2009 WL 4169489, at *4 (E.D. Ky. Nov. 20, 2009) (citing *Varley v. Sec'y of HHS*, 820 F.2d 777, 779 (6th Cir. 1987) and *Podedworny v. Harris*, 745 F.2d 210, 218 (3d Cir. 1984)). If the VE is able to identify a significant number of jobs that exist in the national economy that the hypothetical person can perform, substantial evidence will support the finding that a plaintiff is not disabled. *Id.* (citing *Webb v. Comm'r of Soc. Sec.*, 368 F.3d 629, 633 (6th Cir. 2004); *Liskowitz*, 559 F.3d 739, 745-46 (7th Cir. 2009).

Plaintiff asks the Court to adopt a *per se* rule, based on SSR 96-8p, that an ALJ may not rely on the testimony of a VE averring that there exist a significant number of jobs a claimant

can perform given his RFC without identifying the percentage of jobs that are full-time as opposed to part-time. There is no Sixth Circuit case addressing this subject, but the majority of district courts in the Sixth Circuit have followed the contrary ruling and reasoning in a Seventh Circuit case, *Liskowitz v. Astrue*, 559 F.3d 739 (7th Cir. 2009). *Cooley v. Astrue*, No. 09-75-ART, 2009 WL 3486019, at *4-5 (E.D. Ky. Oct. 23, 2009); *Miller v. Astrue*, No. 09-50-ART, 2009 WL 3556649, at *3-4 (E.D. Ky. Oct. 27, 2009); *Derossett v. Astrue*, No. 7:09 CV 46-KKC, 2009 WL 4169489 (E.D. Ky. Nov. 20. 2009); *Davis v. Astrue,* No. 08-230-JBC, 2010 WL 58915, at *3 (E.D. Ky. Jan. 5, 2010); *Holbrook v. Astrue*, No. 09-107-ART, 2010 WL 1234527, at *4 (E.D. Ky. Mar. 23, 2010); *McNemar v. Comm'r of Soc. Sec.*, No. 1:10 CV 2079, 2011 WL 5586378, at *3-4 (N.D. Ohio Nov. 15, 2011); *Ash v. Comm'r of Soc. Sec.*, No. 2:11 CV 135, 2012 WL 1340372, at *8 (S.D. Ohio Apr. 17, 2012); *Janda v. Comm'r of Soc. Sec.*, No. 1:12 CV 1250, 2013 WL 3200611, at *7-8 (N.D. Ohio Jun. 24, 2013); *Wright v. Comm'r of Soc. Sec.*, No. 1:12 CV 1103, 2013 WL 3873947, at *15 (N.D. Ohio Jul. 25, 2013); *Ramos v. Colvin*, No. 1:12 CV 2013, 2013 WL 4511879, at *7 (N.D.Ohio Aug. 16, 2013).

In *Liskowitz*, the court correctly observed that, on its face, SSR 96-8p "applies to the ALJ's functional capacity determination, not to the VE's testimony" – and that it neither says nor implies that a VE "may permissibly testify *only as to the availability of full-time jobs*." *Id*., 559 F.3d at 745 (emphasis added). Liskowitz's counsel conceded at oral argument that "that *no* government data source contains this information." *Id*. As such, the court declined Liskowitz's invitation "to impose impossible burdens on the VE." *Id*. The court held that a VE may, consistent with SSR 96-8p, "testify as to the numbers of jobs that a claimant can perform without specifically identifying the percentage of those jobs that are part-time." *Id*. At the same time, a

-5-

claimant may respond to the VE's testimony by either offering evidence that the jobs the VE identified do not constitute "substantial gainful work" or "by showing that a substantial percentage of the jobs the VE identified are part-time jobs." *Liskowitz*, 559 F.3d at 745. Since the VE's testimony in *Likowitz* was uncontradicted, the court concluded that it was not error for the ALJ to rely on the VE's testimony. *Id*. at 745-46.

It is noteworthy that Plaintiff's counsel has neglected to mention the ten district court cases in this Circuit that have found the holding and reasoning in *Liskowitz* persuasive. Rather, Plaintiff asks the Court to devise a *per se* ruling with the opposite conclusion based on two cases in which his counsel received a favorable ruling, *Kane v. Astrue*, No. 1:10 CV 1874, 2011 WL 3353866 (N.D. Ohio Aug. 3, 2011) and *Welch v. Astrue*, No. 1:10 CV 1434, 2011 WL 4632922 (N.D. Ohio Sep. 30, 2011). In so doing, counsel omits the one case in which he received an adverse ruling, *Janda* 2013 WL 3200611. It is also noteworthy that the Magistrate Judge failed to address and analyze these cases since she wrote the R&R that the district court adopted in *Kane*, and now recommends a contrary ruling.

Most recently, District Judge Lioi, who authored both *Kane* and *Janda*, expressly declined counsel's request "to find that it was *per se* error for the ALJ to accept the VE's testimony despite his inability to definitively state whether his job incidence figures included part-time employment." *Janda*, 2013 WL 3200611, at *8. Judge Lioi found that Plaintiff's argument was based on a mischaracterization of SSR 96-8p. *Id*. at *7. She agreed with the court in *Derossett* that a VE is not required to distinguish between part-time and full-time jobs, especially where the plaintiff fails to cite a law or regulation standing for the opposite proposition. *Id*. She distinguished *Kane* based on the facts (there, the court explained that "there

-6-

was at least some evidence that Kane would have difficulty completing a normal workday and workweek."). *Id*. at *8. And she opined that the district court's ruling in *Welch* was "based, at least in part, on a misreading of the court's reasoning in *Kane*." *Id*.

Thus, this objection is **OVERRULED**.

C.    **Use of Judicially Disapproved Reasoning to Deny Credibility**

In his Merits Brief, Plaintiff argued that substantial evidence did not support the ALJ's credibility finding, and that the only real explanation of credibility was that Plaintiff's

> statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with my residual functional capacity assessment.

(Doc #: 13, at 13.) His contention was that this exact language was disapproved by Seventh Circuit Judge Posner (who referred mockingly to the language as "boilerplate" or the Commissioner's "template") in *Bjornson v. Astrue*, 671 F.3d 640 (7th Cir. 2012). This contention is true. In the R&R, however, the Magistrate Judge failed to mention, let alone analyze, *Bjornson*.

A quick review of *Bjornson* and the cases citing it shows that there is no Sixth Circuit case discussing *Bjornson* (thus, this Court is not bound by the opinion) or addressing the question of whether the use of this "boilerplate" language is insufficient to support the ALJ's credibility determination. Moreover, in the relatively short lapse of time following the Seventh Circuit's issuance of *Bjornson* in January 2012, at least eight district court cases in the Sixth Circuit have expressly discussed and analyzed *Bjornson* on this precise issue.

For instance, the district court in *Jones v. Comm'r of Soc. Sec.*, No. 2:12 CV 110, 2012 WL 5378850 (S.D. Ohio Oct. 30, 2012) explained:

>*Bjornson,* a decision written by Judge Posner, and which took issue with the use of what he described as "a piece of opaque boilerplate" (which can also be found in the ALJ's decision in this case), rests on the premise that the language in that piece of boilerplate "implies that ability to work is determined first and is then used to determine the claimant's credibility." *Id.* at 645. This, however, "gets things backwards," *id.,* because it suggests that the ALJ first determined the claimant's ability to work without taking the credibility of his or her symptoms into account, and then rejected any testimony which would be inconsistent with the ability to work simply because the decision that the claimant can work has already been made. According to the *Bjornson* court, such an approach is inconsistent with SSR 96–7p(4). However, it appears that the ultimate decision in that case, which was to reverse and remand, was based not solely upon the use of this boilerplate or "template" language, but on the ALJ's failure to marshal adequate support for his finding that the claimant was not disabled when both the medical evidence and the claimant's own testimony strongly suggested otherwise.
>
>*Bjornson* does not appear to have been cited by any decision from the Sixth Circuit Court of Appeals. This Court has cited it once, in <u>Williams v. Astrue, 2012 WL 4364147 (S.D.Ohio September 24, 2012)</u> (Watson, J.), concluding that although the ALJ in that case used the same language, "unlike the ALJ in *Bjornson* the ALJ in Plaintiff's case goes on to explain the credibility determination in greater detail," and affirming the ALJ's credibility finding because it was "supported by substantial evidence in the record." *Williams, supra,* at *2–3. That approach is consistent with the way in which the Court of Appeals for the Seventh Circuit has applied *Bjornson;* for example, in <u>Filus v. Astrue, 694 F.3d 863, 2012 WL 3990651, *4 (7th Cir. September 7, 2012)</u>, that court said "[i]f the ALJ has otherwise explained his conclusion adequately, the inclusion of this language can be harmless." Consequently, this Court will make the same inquiry here, examining the reasons given by the ALJ for finding plaintiff less than fully credible, and deciding if the record provides support for that finding.

Id., 2012 WL 5378850, at *7. Most other district courts in the Sixth Circuit that have addressed *Bjornson* have agreed that it is basically meaningless for the ALJ to simply state the boilerplate language without further analysis, but have concluded that the ALJ in their cases adequately explained the credibility determination – which determination was supported by substantial evidence in the record. *See, e.g., Kelly v. Astrue*, No. 1:12 CV 1012, 2012 WL 271803, at *12 (N.D. Ohio Jan. 3, 2013); *Jenkins v. Comm'r of Soc. Sec.*, No. 12–12161, 2013 WL 2393648, at *8 (E.D. Mich. May 31, 2013); *Johnson v. Comm'r of Soc. Sec.*, No. 1:12 CV 114, 2013 WL

-8-

1703894, at *4 (W.D. Mich. Apr. 19, 2013). Cf. Jackson v. Colvin, No. 4:13 CV 169, 2013 WL 3458254, at * (N.D. Ohio Jul. 9, 2013). *But see Prather v. Comm'r of Soc. Sec.*, 2013 WL 765103, at * (E.D. Mich. Feb. 28, 2013) (agreeing that the boilerplate language alone is meaningless but remanding because the ALJ in that case failed to adequately explain the credibility determination).

Despite the Magistrate Judge's failure to meet this issue head-on, however, the Court finds that she otherwise referred to the proper rulings, regulations and cases for making credibility determinations, adequately explained the ALJ's reasons for his credibility determination, and the Court agrees with her conclusion.

Accordingly, this objection is also **OVERRULED**.

**D.     The Remaining Objections**

The remaining objections raised by Plaintiff constitute a simple rehashing of his merits and reply briefs. For the Court to undertake a *de novo* review of an R&R, the objecting party must identify specific errors in the Magistrate Judge's analysis without simply restating arguments already raised to the Magistrate Judge, and which arguments the Magistrate Judge adequately addressed. *Nickelson v. Warden*, No. 11-334, 2012 WL 700827, at *4 (S.D. Ohio Mar. 1, 2012). "To now re-address these issues would duplicate the thorough efforts of the Magistrate Judge and defeat any judicial efficiency gained by the report and recommendation process." *Martinez v. Astrue*, No. 10-5863, 2011 WL 4974445, at *4 (E.D. Pa. Oct. 19, 2011).

*     *     *

Based on the foregoing, the Court hereby **OVERRULES** the Objections, **ADOPTS** the Magistrate Judge's conclusions, and **AFFIRMS** the Commissioner's decision denying benefits.

**IT IS SO ORDERED.**

*/s/ Dan A. Polster     September 26, 2013*
**Dan Aaron Polster**
**United States District Judge**